CYNTHIA L. MELLEMA (State Bar No. 122798)
JEFFRY BUTLER (State Bar No. 180936)
MEGAN BARKER (State Bar No. 245991)
DENTONS US LLP
525 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 882-5000
Facsimile:  (415) 882-0300
E-mail:   cynthia.mellema@dentons.com
          jeffry.butler@dentons.com
          megan.barker@dentons.com

Attorneys for Defendant
ALLSTATE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| JIM GARRISON, an individual, and SHIRLEY GARRISON, an individual,<br><br>  Plaintiffs,<br>vs.<br><br>ALLSTATE INSURANCE COMPANY, an Illinois Corporation, and DOES 1 through 10,<br><br>  Defendants. | Case No. _2:13-cv-02000-TLN-KJN<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL DOCUMENTS PRODUCED** |

By and through their respective attorneys of record, plaintiffs Jim and Shirley Garrison and defendant Allstate Insurance Company, collectively referred to as the "Parties," and individually as a "Party," stipulate and agree to the entry of the following Protective Order.

**THE COURT HEREBY ORDERS THAT:**

1. The production of private, confidential and proprietary documents by any Party in response to another Party's discovery requests in this action will take place pursuant to this Protective Order, which shall apply to all such documents (the "Confidential Documents") regardless of how a Party came or comes into their possession.

2. Confidential Documents may only be disclosed and/or made available to the following persons:

   (a) The Parties or employees of a Party who are assisting counsel in this litigation;

   (b) Witnesses, other than the Parties, who provide or may provide deposition or trial testimony in the instant action;

   (c) The attorneys of record for a Party and the current employees of those attorneys or their firms;

   (d) Any experts or consultants retained by a Party or its counsel of record in good faith in connection with this lawsuit, as well as any experts designated by order of this Court;

   (e) Outside copy services, interpreters, translators, court reporters/stenographers (other than those employed by the Court), and similar vendors retained by the Parties whose normal job functions require them to have access to the documents; and

   (f) Court personnel, provided that the requirements of Paragraph 6 below are satisfied.

  3. No Confidential Documents may be disclosed or made available to any of the persons designated in Paragraphs 2(b) and 2(d) above unless those persons agree, in advance, to be bound by this Protective Order, to use such documents solely for purposes of this action, and not to disclose any such documents to any other person, firm, or concern.  Such persons shall execute an affidavit, in the form attached as Exhibit "A," which is to be kept by counsel and shall be subject to inspection by opposing counsel upon reasonable notice; provided, however, that opposing counsel shall not be entitled to review the affidavits of any persons described in Paragraph 2(d) until after the designation of experts occurs.

  4. Each page of the Confidential Documents produced by a Party in discovery in this action shall be marked, "CONFIDENTIAL," which marking shall designate such documents as Confidential Documents covered by this Protective Order.  If a Party disputes the propriety of such a designation, the Party producing the Confidential Documents shall, after meeting and conferring with opposing counsel, bring the matter to the attention of the Court within the later of 120 days before the trial in this action or 45 days from their receipt of the document(s) at

issue.

5. A Party may designate as a Confidential Document (under the terms of the Protective Order) the record of any hearing, deposition, trial, or other proceeding, including any testimony or statements made at the deposition or proceeding and any exhibits or attachments, by either: (1) giving oral notice during the taking of the deposition or the proceeding, or (2) written notice to all counsel of record within forty-five (45) days before the trial in this action, unless the hearing, deposition, trial, or other proceeding at issue is within forty-five (45) days of the trial in this action, in which case the Party may give such notice at trial. All portions of any such transcripts, exhibits, or attachments shall be marked "CONFIDENTIAL" before being provided to the Court or other persons or entities.

6. Before filing or submitting any Confidential Documents to the Court, Parties must comply with the procedures for sealing documents under Civil Local Rule 141.

7. Any person or entity who receives any Confidential Documents (or any copies thereof) in connection with this action (a) may not use those Confidential Documents in any other case, matter, or proceeding; and (b) must return the Confidential Documents (and any and all copies) to counsel for the Party producing the Confidential Documents, or destroy the Confidential Documents (and any and all copies), within sixty (60) days of the conclusion of this action and all appeals. In the event the person or entity in receipt of Confidential Documents elects to destroy them, instead of returning them, that person or entity must provide counsel for the Party producing the Confidential Documents with an affidavit or declaration, under penalty perjury, stating that the Confidential Documents (and any and all copies) have been destroyed.

8. All copies of the Confidential Documents shall be kept and stored in a manner reasonably calculated to preserve their confidentiality.

9. If a person or party in receipt of a Confidential Document believes that said document is required by law to be disclosed in a manner inconsistent with this Protective Order, then that person or party shall (a) immediately notify counsel for the Party producing the Confidential Document, and in no event later than two (2) business days after receiving the request at issue, including by providing counsel for the Party producing the Confidential

Document with a copy of the request; (b) timely serve written objections to the request that expressly reference this Protective Order; and (c) cooperate with any efforts by the Party producing the Confidential Document to limit, condition, or prevent the disclosure of the Confidential Document.

10. Producing or receiving Confidential Documents, or otherwise complying with the terms of this Protective Order, shall not prejudice the rights of the Party producing the Confidential Documents to object to the production, use, or introduction into evidence of any Confidential Documents (or any portions) on the grounds of relevance, privilege, the work-product doctrine, or any other grounds other than confidentiality/privacy.

11. If Confidential Documents subject to a claim of attorney-client privilege, the work product doctrine, privacy rights of third parties, or any other applicable privilege or protection are inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or protection for those Confidential Documents, and the Party producing the Confidential Documents may, within twenty-one (21) days of discovery of such inadvertent or mistaken production, make a written request for the return of those documents. Within seven (7) business days of receipt of such a request, the inadvertently or mistakenly produced Confidential Documents, as well as all copies and all documents, materials, or information reflecting the contents of such Confidential Documents, shall be returned to the Party producing the Confidential Documents, and no Party shall make any use of those documents. If a receiving party objects to the return of the documents within the seven (7) business day period described above, the receiving party may, within forty-five (45) days after the service of said objection, file a motion with the Court for an order compelling their production.

12. Notwithstanding the foregoing, this Protective Order does not restrict the right of the Party producing the Confidential Documents to make such use or disclosure of those documents as it otherwise is entitled to make. In addition, the Party producing the Confidential Documents does not waive the classification of its own material/information as confidential if such Party discloses such information to non-parties for any reason.

13. Violations of this Protective Order shall be punishable to the extent and in the manners permitted by applicable law.

**SO STIPULATED.**

Dated: July 14, 2014                                    **HEREFORD KERLEY LLP**

By:     /s/Dylan Schaffer as authorized on
July 14, 2014
Dylan Schaffer
Attorneys for Plaintiffs
Jim Garrison and Shirley Garrison

Dated: July 14, 2014_                                   **DENTONS US LLP**

By:     /s/Jeffry Butler
Jeffry Butler
Attorneys for Defendant
Allstate Insurance Company

**IT IS SO ORDERED.**

Dated:  July 18, 2014

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A - DECLARATION

I, _____, hereby declare:

1. My address is _____.

2. I am presently employed by _____, whose business address is _____.

3. My present occupation or job description is _____.

4. I am involved with this case in the capacity of a _____ retained by or affiliated with _____ (name of party, if applicable).

5. I have been given a copy of the Protective Order in this case signed by a Honorable Troy L. Nunley on _____.

6. I have carefully read and understand the provisions of the Protective Order.

7. I will comply with all of the provisions of the Protective Order.

8. I will hold in confidence any and all Confidential Documents, as well as any and all words, summaries, abstracts, or indices of Confidential Documents, that are disclosed to me, and I will not disclose any of them to anyone who is not qualified to receive them under the terms of the Protective Order.

9. I will return all Confidential Documents that come into my possession, and any and all documents or things that I have prepared relating to those Confidential Documents, to the party from whom I received them.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on _____, 201\_, at _____, _____ (city, state).

Signed: _____

DENTONS US LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CA 94105
(415) 882-5000